IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                      20-CR-6032

MICHAEL J. TYO,

        Defendant.

---

## PLEA AGREEMENT

The defendant, MICHAEL J. TYO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a three-count Information which charges violations of Title 18, United States Code, Section 2113(a) (bank robbery and attempted bank robbery), for which the maximum possible sentence for each count is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 6 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offenses set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Counts 1 and 2 – Bank Robbery

First, that the defendant took money that belonged to, or was in the care, custody, control, management or possession of a bank, from the person or in the presence of another;

Second, that the defendant used force and violence, or intimidation; and

Third, that the deposits of the bank were then insured by the Federal Deposit Insurance Corporation.

### Count 3 – Attempted Bank Robbery

First, that the defendant attempted to take money that belonged to, or was in the care, custody, control, management or possession of a bank, from the person or in the presence of another;

Second, that the defendant used force and violence, or intimidation; and

Third, that the deposits of the bank were then insured by the Federal Deposit Insurance Corporation.

## FACTUAL BASIS

4.  The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

### Count 1 – Bank Robbery

a. On or about August 24, 2019, at approximately 3:56 p.m., the defendant, MICHAEL J. TYO, using force, violence and intimidation, robbed the Citizens Bank inside Tops Market located at 1900 South Clinton Avenue, Brighton, New York, in the Western District of New York. At that time, the defendant gave the bank teller a detailed note that demanded money. The defendant threatened the use of violence, stating in the note, "if I even glimpse a dye-pack I will not hesitate to elevate the situation and you will be the first casualty." Another part of the note said, "If I happen to get caught because of you, when I get out of prison, I will systematically destroy you and the people you love the most." The bank teller complied with the defendant's demands and gave him over $800 in United States currency, which the defendant took and fled the bank.

b. The Citizens Bank located at 1900 South Clinton Avenue, Brighton, New York, is a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation on or about August 24, 2019.

### Count 2 – Bank Robbery

c. On or about August 27, 2019, at approximately 5:45 p.m., the defendant, MICHAEL J. TYO, using force, violence and intimidation, robbed the Citizens Bank inside Tops Market located at 1460 S. Park Avenue, Buffalo, New York, in the Western District of New York. At that time, the defendant gave the bank teller a demand note demanding $50 and $100 bills. The defendant threatened the use of violence, stating in the note that the defendant would use his gun if they did not cooperate. The teller complied and gave the defendant approximately $1,800 in United States currency, which the defendant took and fled the bank.

d. The Citizens Bank located at 1460 S. Park Avenue in Buffalo, New York, is a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation on or about August 27, 2019.

### Count 3 – Attempted Bank Robbery

e. Also on or about August 27, 2019, at approximately 3:55 p.m., the defendant, MICHAEL J. TYO, using force, violence and intimidation, attempted to rob the Key Bank located at 7350 Niagara Falls Boulevard, Niagara Falls, New York, in the Western District of New York. At that time, the defendant gave the teller a note demanding money. However, the teller said he/she was dealing with a computer issue, so the defendant left the bank without any money.

f. The Key Bank located at 7350 Niagara Falls Boulevard in Niagara Falls, New York, is a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation on or about August 27, 2019.

### III.   SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2B3.1(a) applies to the offenses of conviction and provides for a base offense level of 20 for each count.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics do apply to Counts 1 and 2:

   a. the two-level increase pursuant to Guidelines § 2B3.1(b)(1) (property of a financial institution was taken); and

   b. the two-level increase pursuant to Guidelines § 2B3.1(b)(2)(F) (threat of death).

8. The government and the defendant agree that the following specific offense characteristic does apply to Count 3:

4

      a.      the two-level increase pursuant to Guidelines § 2B3.1(b)(1) (property of a financial institution was taken).

## ADJUSTED OFFENSE LEVEL

9. Based on ¶¶ 6, 7, and 8 of this agreement, and Guidelines § 3D1.4, it is the understanding of the government and the defendant that the defendant's combined adjusted offense level is 27.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 24.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is V. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the pleas of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12. It is the understanding of the government and the defendant that, with a total offense level of 24 and criminal history category of V, the defendant's sentencing range would be a term of imprisonment of 92 to 115 months, a fine of $20,000 to $200,000, and a period

of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

15. In the event the defendant's pleas of guilty are withdrawn, or convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V. REMOVAL

16. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

17. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 19-mj-696.

## VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

19. The defendant understands, and the parties agree, that the Court must require restitution in the total amount of $2,600 to Citizens Bank ($800 for the robbery of Citizens

Bank in Brighton and $1,800 for the robbery of Citizens Bank in Buffalo), as part of the sentence, pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A.

20. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

21. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

22. The defendant understands and agrees that the Court, at the time of sentencing, may order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and subject to immediate enforcement by the United States. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

23. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

24. To the extent that the defendant has an interest, the defendant authorizes the "Clerk, U.S. District Court" to release the funds posted as security for his/her appearance bond in this case, and to be applied to satisfy the financial obligation of the defendant, pursuant to the judgment of the Court.

## VIII.  APPEAL RIGHTS

25. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence. The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

26. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

28. This plea agreement represents the total agreement between the defendant, MICHAEL J. TYO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____
KATELYN M. HARTFORD
Assistant United States Attorney

Dated: July 29, 2020

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, JEFFREY L. CICCONE, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my pleas of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MICHAEL J. TYO
Defendant

Dated: _____, 2020

_____
JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated: _____, 2020

11