```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
--------------------------x        20-CR-6032(DGL)
UNITED STATES OF AMERICA,

vs.
                                   Rochester, New York
MICHAEL J. TYO,                    July 29, 2020
            Defendant.
--------------------------x
```

**PLEA HEARING**

                    TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE DAVID G. LARIMER
               UNITED STATES MAGISTRATE JUDGE

                    JAMES P. KENNEDY JR., ESQ.
                    United States Attorney
                    BY:  KATELYN M. HARTFORD, AUSA
                    6200 Federal Building
                    Rochester, New York 14614

FOR DEFENDANT:      MARIANNE MARIANO, ESQ.
                    Federal Public Defender
                    BY:  JEFFREY L. CICCONE, AFPD
                    28 East Main Street, Suite 400
                    Rochester, New York 14614

COURT REPORTER:     Diane S. Martens
                    dimartens55@gmail.com

US v. Tyo – 20-CR-6032

1

2                **P R O C E E D I N G S**

3                    *              *              *

4

5        (**WHEREUPON,** the defendant is present via Zoom.gov)

6        **THE COURT:**  To counsel, are we ready to proceed?

7        **MR. CICCONE:**  Yes, Judge.

8        **MS. HARTFORD:**  Yes, your Honor.

9        **THE COURT:**  Well, Mr. Tyo, you and I need to talk about

3:45PM 10  several things.  But the first thing we need to talk about is

11  sort of our format here.

12        This is obviously not a courtroom but you lose no rights

13  or benefit because we're doing this in this remote fashion

14  here by video.  We do this because of the pandemic that is

3:46PM 15  affecting all of us to try to keep some distance and prevent

16  all of us from getting infected.

17        So the Congress passed an Act several months ago

18  allowing these kind of proceedings but it requires that the

19  lawyers agree to it, and it requires that you agree to it.  I

3:46PM 20  say, again, even though it looks like we're not really in a

21  courtroom, it's just as if we were in court.

22        So to the lawyers -- Ms. Hartford, Mr. Ciccone -- any

23  objection to us proceeding in this fashion this afternoon?

24        **MS. HARTFORD:**  No, your Honor.

3:47PM 25        **MR. CICCONE:**  No, your Honor.

3:47PM 1      **THE COURT:**  All right.  Mr. Tyo, you agree, do you, that

2     we can proceed and take this plea in this fashion?

3          **THE DEFENDANT:**  Yes, your Honor.

4          **THE COURT:**  I find that that there's valid consent and

3:47PM 5      will proceed accordingly.

6          Mr. Tyo, what is before me is a plea agreement copy that

7     suggests you're prepared to plead guilty to three counts:

8     Two counts of bank robbery and one count of attempted bank

9     robbery pursuant to a plea agreement.

3:47PM 10         In general, is that your understanding as to what this

11    is all about?

12         **THE DEFENDANT:**  Yes, your Honor.

13         **THE COURT:**  It's going to take a little time but it's

14    obviously an important proceeding for you and it's important

3:48PM 15     for the Court because I want to make sure of three things:

16         Number one, I want to make sure that you understand

17    what's in this plea agreement.  You're going to be asked to

18    sign it, or you're going to be asked to confirm your

19    signature if it's already signed.

3:48PM 20         Secondly, I want to make sure you understand the

21    potential punishment that could result if you plead guilty or

22    are found guilty.

23         Finally, I want to make sure you understand all of your

24    legal and Constitutional rights that apply to you as a person

3:48PM 25     who has been arrested and charged with these matters, okay?

US v. Tyo - 20-CR-6032

3:48PM | 1 | **THE DEFENDANT:** Yes, your Honor.

2 | **THE COURT:** So as we go through this, if you have any

3 questions, you can certainly ask them when they occur to you.

4 And we will proceed along.

3:49PM | 5 | I want to take your statements here under oath to

6 impress upon you the importance of speaking the truth.  So if

7 you'd raise your right hand to be sworn as a witness.

8 | (**WHEREUPON,** defendant duly sworn.)

9 | **THE COURT:** Tell me how old are you now.

3:49PM | 10 | **THE DEFENDANT:** 32.

11 | **THE COURT:** How far did you get into school?

12 | **THE DEFENDANT:** Like 15 credits away from an

13 undergraduate degree at Ithaca.

14 | **THE COURT:** Ithaca, all right.  So you graduated high

3:49PM | 15 school and had some time in college?

16 | **THE DEFENDANT:** Yep.

17 | **THE COURT:** Are you taking any medication at the

18 facility now that you think affects your clearness of thought

19 and your mental awareness?

3:50PM | 20 | **THE DEFENDANT:** No, your Honor.

21 | **THE COURT:** I have a copy of the plea agreement here.

22 It's some 11 pages long.  My first question is:  Did anybody

23 from law enforcement or anybody threaten you or force you to

24 come in and plead guilty?

3:50PM | 25 | **THE DEFENDANT:** No, your Honor.

US v. Tyo - 20-CR-6032

3:50PM  1      **THE COURT:**  Is this your decision after discussing the

2  matter with your lawyer Mr. Ciccone?

3      **THE DEFENDANT:**  Yes, your Honor.

4      **THE COURT:**  Do you think you've had enough time to

3:50PM  5  consider this?

6      **THE DEFENDANT:**  Yeah.

7      **THE COURT:**  Because I know this has been scheduled, I

8  think, a couple of weeks ago and then it got moved but we're

9  going to go through the agreement, pretty much all the

3:50PM  10  paragraphs.

11      But before we do that, as you sit here this afternoon,

12  do you think you understand the agreement?

13      **THE DEFENDANT:**  Yes, your Honor.

14      **THE COURT:**  All right.  Well, we will proceed.

3:51PM  15      I'd ask the prosecutor in this case, Ms. Hartford, to

16  start us off at the beginning, as it were.  Section I,

17  Paragraph 1 talks about the three counts.

18      And I don't know, Mr. Tyo, do you have a copy of the

19  agreement there with you?

3:51PM  20      **THE DEFENDANT:**  I didn't bring it with me.  I have it in

21  my cell.

22      **THE COURT:**  Well, then you'll just have to listen as we

23  go through and I'm sure Ms. Hartford won't go too quickly.

24      So, Ms. Hartford, why don't you help us by talking about

3:51PM  25  the charges, the maximum punishment and we'll go from there.

3:51PM    1    **MS. HARTFORD:** Yes, your Honor.

       2    This agreement includes a three-count information

       3    charging violation of Title 18 U.S. Code Section 2113(a),

       4    that is, bank robbery and attempted bank robbery.

3:51PM    5    The maximum possible sentence for each count is a term

       6    of imprisonment of 20 years; a fine of $250,000; a mandatory

       7    $100 special assessment; and a term of supervised release of

       8    3 years.

       9    **THE COURT:** All right. Mr. Tyo, you understand there

3:52PM    10    are three separate counts:

       11    Count 1 bank robbery on August 24th, 2019, at Citizens

       12    Bank.

       13    Count 2 bank robbery, August 27, 2019, again at a

       14    Citizens Bank.

3:52PM    15    Count 3 attempted bank robbery at a KeyBank on

       16    August 27.

       17    Do you understand that each of them carries a maximum

       18    potential punishment of up to 20 years imprisonment; a fine;

       19    and a term of supervised release that was mentioned?

3:52PM    20    Do you understand that?

       21    **THE DEFENDANT:** Yes, your Honor.

       22    **THE COURT:** There are Sentencing Guidelines which we'll

       23    talk about in a few minutes.

       24    But before we get to that, I think it's important for

3:53PM    25    Ms. Hartford to set forth the elements; that is, the things

US v. Tyo - 20-CR-6032

3:53PM  1    the government would have to prove if this case went to

2    trial.  Those are set forth on Page 2 of the agreement.

3        So Ms. Hartford.

4        **MS. HARTFORD:**  Yes, your Honor.

3:53PM  5        For Counts 1 and 2, the elements are the same.

6        First, that the defendant took money that belonged to,

7    or was in the care, custody, control, management or

8    possession of a bank, from the person or in the presence of

9    another;

3:53PM  10       Second, that the defendant used force and violence, or

11   intimidation;

12       And, third, that the deposits of the bank were then

13   insured by the Federal Deposit Insurance Corporation.

14       Count 3, because it's attempted bank robbery, very

3:53PM  15   similar elements but it differs in that the first element is

16   that the defendant attempted to take money that belonged to,

17   or was in the care, custody, control, management or

18   possession of the bank, from the person or in the presence of

19   another.

3:54PM  20       The second and third elements are the same.

21       **THE COURT:**  All right.  Mr. Tyo, you understand those

22   elements that the government would have to prove?

23       **THE DEFENDANT:**  Yes, your Honor.

24       **THE COURT:**  The next section is something called the

3:54PM  25   Factual Basis.

US v. Tyo – 20-CR-6032

3:54PM 1      In every plea agreement there is a usually rather short

2      summary of the facts that support bringing the charges.  They

3      may not list all the evidence that the government would

4      present if there were a trial, but it sets forth sufficient

3:54PM 5      facts for me, the judge, to believe there was evidence of a

6      crime warranting accepting the plea.

7          So, refresh my memory, Counsel.  Has Mr. Tyo already

8      signed the agreement?

9          **MR. CICCONE:**  Judge, no, he has not signed it yet.

3:55PM 10     **THE COURT:**  Okay.  Well, Mr. Tyo, I think you indicated

11     you have reviewed the plea agreement; is that correct?

12         **THE DEFENDANT:**  Yes, your Honor.

13         **THE COURT:**  And do you remember the sections that sort

14     of, single-spaced typed, that talk about the facts that

3:55PM 15     occurred on August 24, August 27, and another one on

16     August 27, 2018, do you remember when you reviewed it, noting

17     those facts?

18         **THE DEFENDANT:**  Yes, your Honor.

19         **THE COURT:**  At the time you reviewed it, and even now,

3:55PM 20     was there anything in those recitations that you wish to

21     challenge or dispute or want to change?

22         **THE DEFENDANT:**  No.  That would be futility, no, your

23     Honor, I'm good.

24         **THE COURT:**  Well, Paragraph 4a. talks about the robbery

3:56PM 25     at the Citizens Bank inside the Tops Market down at 1900

US v. Tyo – 20-CR-6032

3:56PM  1  South Clinton Avenue in Brighton.  And it says on

2  August 24th, you went into the bank, gave the teller a note

3  and demanded money.

4      Did you prepare a note and give it to the teller?

3:56PM  5      **THE DEFENDANT:**  Yes, your Honor, yes.

6      **THE COURT:**  It says here that the note says:  "If I even

7  glimpse a dye-pack, I will not hesitate to elevate the

8  situation and you will be the first casualty."

9      Was that part of your note?

3:56PM  10     **THE DEFENDANT:**  Yes, it was.

11     **THE COURT:**  It also says that you wrote:  "If I happen

12  to get caught because of you, when I get out of prison, I

13  will systematically destroy you and the people you love the

14  most."

3:57PM  15     Do you remember writing that?

16     **THE DEFENDANT:**  I don't really remember writing it but I

17  remember that was what was on the --

18     (Court reporter interrupted for clarification.)

19     **THE COURT:**  Say that again, Mr. Tyo.

3:57PM  20     **THE DEFENDANT:**  I remember that being on the note when I

21  reviewed it.  I don't remember really doing it.

22     **THE COURT:**  Would anybody else have written the note

23  besides you?

24     **THE DEFENDANT:**  No, it was me.

3:57PM  25     **THE COURT:**  All right.

US v. Tyo - 20-CR-6032

3:57PM 1    **THE DEFENDANT:**  I think I was just -- I mean --

2    **THE COURT:**  Well --

3    **THE DEFENDANT:**  Turned away at the attempted bank

4  robbery.

3:57PM 5    (Court reporter interrupted for clarification.)

6    **THE COURT:**  Turned away at the attempted bank robbery,

7  but apparently after that, you acknowledge that the teller

8  did give you over $800 which you took and left the bank?

9    **THE DEFENDANT:**  Yes, your Honor.

3:58PM 10    **THE COURT:**  The second count is a couple of days later,

11  Citizens Bank in Buffalo, part of the Tops Market Enterprise,

12  and there it tells me that you gave the bank teller a note

13  demanding 50 and 100 dollar bills, and that you also

14  threatened to use violence stating in the note that you'd use

3:58PM 15  your gun if the teller did not cooperate.

16    Do you remember that, submitting a note that said in

17  substance those matters?

18    **THE DEFENDANT:**  Yes, your Honor.

19    **THE COURT:**  And apparently the teller did not object and

3:58PM 20  she gave you -- or I don't know if it was a she or a he --

21  but gave you about $1,800 which you took and left the bank?

22    **THE DEFENDANT:**  Yes, your Honor.  I'm just going to go

23  with a blanket yes for everything you're about to say in the

24  next 3 to 4 minutes.

3:59PM 25    **THE COURT:**  I'm having a hard time hearing you.

US v. Tyo – 20-CR-6032

3:59PM 1    **THE DEFENDANT:**  I'm going to go with a blanket yes for

2    the next 3 to 24 minutes.  I'm going to say yes to everything

3    you're about to say, so.

4    **THE COURT:**  Well, you never know what I'm going to say.

3:59PM 5    So just listen carefully.  This is important for you and we

6    want to make sure it's accurate.

7        Count 3 charges that on that same day, August 27th, you

8    attempted to rob the KeyBank located at Niagara Boulevard

9    located in Niagara Falls, New York, and that you on that

3:59PM 10   occasion gave a teller a note demanding money.

11       Do you admit giving that teller a note, as well,

12   demanding money?

13       **THE DEFENDANT:**  Yes, your Honor.

14       **THE COURT:**  Apparently she gave you some problems and

3:59PM 15   you never received money but you left the bank; is that

16   correct?

17       **THE DEFENDANT:**  Yep.

18       **THE COURT:**  Is the government prepared to state what

19   they would be able to prove that the two banks that the

4:00PM 20   deposits were insured with the FDIC corporation.

21       **MS. HARTFORD:**  Yes, your Honor.

22       **THE COURT:**  The factual basis submissions here seem

23   sufficient.

24       Anything further the government wishes to present?

4:00PM 25   **MS. HARTFORD:**  No, your Honor, thank you.

US v. Tyo - 20-CR-6032

4:00PM 1     **THE COURT:**  Mr. Tyo, for the last several decades, there

2     have been in effect something called the Sentencing

3     Guidelines.  These are created through statute and the

4     Sentencing Commission which, based on the conduct, based on

4:00PM 5     your prior record, which sets a Guideline range of sentence

6     for the Court to consider.

7           Several things go into creating the Guidelines.  On one

8     side it's your prior record.  A person that has no record may

9     be treated differently than one who has a more significant

4:01PM 10    record.

11          In your case you appear to have a Criminal History V,

12    which is at the upper end.

13          And the other facts relate to the amount of money

14    involved and other adjustments which affect the Guidelines.

4:01PM 15          So, in this case, in Paragraph 12 it advises me that the

16    government and your lawyer agree that the Guidelines here,

17    with a Criminal History of V and an offense level of 24, the

18    Guideline range is 92 to 115 months; a fine of between 20,000

19    and 200,000; a period of supervised release of between 1 and

4:01PM 20    3 years; and a penalty assessment of $300.

21          You understand those are the Guidelines in this case?

22          **THE DEFENDANT:**  Yes, your Honor.

23          **THE COURT:**  In computing the Guidelines -- this is set

24    forth in the agreement which you've indicated you reviewed --

4:02PM 25    there were certain adjustments made.  There were 4 points

US v. Tyo – 20-CR-6032

4:02PM 1 added to your detriment and there was 3 points added to your

2 benefit.

3     The 3 points involved what's called acceptance of

4 responsibility.  And that means you get a sizeable reduction

4:02PM 5 of 3 levels because you're taking responsibility here and

6 admitting your guilt.

7     On the other hand, there were 4 points –– and these are

8 set forth in Paragraph 7 –– that the Guidelines provide for a

9 2-point addition because the money taken was property of a

4:03PM 10 financial institution, and there was also 2 points added

11 because the note indicated a threat of death.

12     So, as to Count 3, I guess only the 2-point enhancement

13 for the money coming from a financial institution was

14 involved, but the net is 92 to 115 months.

4:03PM 15     Do you understand that's the Guideline range?

16     **THE DEFENDANT:**  Yes, your Honor.

17     **THE COURT:**  There's a couple things to say about

18 Guidelines.  They are Guidelines.  I'm not required to

19 sentence within that range.  The Court has discretion to

4:03PM 20 sentence outside the Guidelines.  Outside means the Court

21 could impose a sentence greater than 115 months or the Court

22 does have the ability to sentence lower than the low end of

23 the Guideline range:  92 months.

24     Do you understand that the judge, that's me, has that

4:04PM 25 power?

US v. Tyo – 20-CR-6032

4:04PM   1          **THE DEFENDANT:**  Yes, your Honor.

2          **THE COURT:**  That's something we don't decide today.  We

3     decide that at sentencing after I've had a chance to review

4     the presentence report and have allowed you, your attorney

4:04PM   5     and the government to file anything you wish to file relative

6     to sentencing.

7          And I note that your attorney here has insisted in

8     Paragraph 13, that although the parties agree to the

9     Guideline range, your attorney has reserved the right to ask

4:04PM   10    me to impose a sentence lower or more lenient than the

11    Guidelines.

12         Do you understand that's part of the deal here?

13         **THE DEFENDANT:**  Yes, your Honor.

14         **THE COURT:**  Now, you also understand it's up to me to

4:05PM   15    decide that, you know, there are no promises or agreements

16    one way or the other; do you understand that?

17         **THE DEFENDANT:**  Yes, your Honor.

18         **THE COURT:**  A couple of other things.

19         Today, as I often say, is what I call D Day:  Decision

4:05PM   20    Day.  You made a decision to do this today, and what that

21    means is you can't change your mind tomorrow or next week or

22    next month.

23         Do you understand that?

24         **THE DEFENDANT:**  Yes, your Honor.

4:05PM   25         **THE COURT:**  There's also a section here talking about

US v. Tyo - 20-CR-6032

4:05PM  1   appeals and this is -- well, you don't have your agreement

        2   but it's somewhere here.  Page 10 talks about appeals.

        3       What it tells me and you is that if I do sentence you

        4   within that 92 to 115-month range or something lower, you

4:06PM  5   give up the right to complain about it.  You give up the

        6   right to appeal to the federal appeals court of New York.

        7       Do you understand that's part of this agreement?

        8       **THE DEFENDANT:**  Yes, your Honor.

        9       **THE COURT:**  And that also includes the prohibition from

4:06PM 10   filing any separate lawsuit after the plea and sentence

       11   challenging the sentence and the proceeding, sometimes called

       12   a habeas corpus proceeding or a 2255 proceeding or a

       13   collateral attack.

       14       You understand that's barred by this agreement, as well?

4:06PM 15       **THE DEFENDANT:**  Yes, your Honor.

       16       **THE COURT:**  Were there any motion practice in this case?

       17       **MS. HARTFORD:**  No, your Honor.

       18       **MR. CICCONE:**  No, Judge.

       19       **THE COURT:**  Okay.  This agreement also, sir, contains a

4:07PM 20   provision about your citizenship.  That may seem strange to

       21   you.  But Paragraph 16 says you admit that you are a citizen

       22   of the United States.

       23       Is that an accurate statement, sir?

       24       **THE DEFENDANT:**  Yes, your Honor.

4:07PM 25       **THE COURT:**  Because if you were not a citizen, a

US v. Tyo — 20-CR-6032

4:07PM 1  conviction of this type of crime could get you deported.  But

2  if you are a citizen, that is not an issue.

3      There is also a provision of restitution and that means

4  that you took money from the bank and the Court must issue an

4:07PM 5  order directing you to repay the money.

6      Paragraph 19 speaks to $2,600 to Citizens Bank based on

7  the two robberies.

8      Do you understand that will be part of the Court's

9  sentence here?

4:07PM 10     **THE DEFENDANT:**  Yes, your Honor.

11     **THE COURT:**  All right.  My question to counsel:  Am I

12  correct in assuming there are no state charges flowing from

13  this activity?

14     **MS. HARTFORD:**  Yes, your Honor.

4:08PM 15     **THE COURT:**  All right.  Well, except to talk about the

16  legal rights, I don't think I have any other --

17     **THE DEFENDANT:**  Pretty sure I'm getting charged in the

18  state for this, as well.

19     **THE COURT:**  I'm sorry?

4:08PM 20     **THE DEFENDANT:**  Pretty sure I'm getting charged in the

21  state as well.

22     **THE COURT:**  Let's talk about that.

23     **MS. HARTFORD:**  Your Honor, to the extent any state

24  charges were filed at the outset of this case, they would be

4:08PM 25  dismissed as a result of the federal prosecution.  So there

US v. Tyo - 20-CR-6032

| | | |
|---|---|---|
| 4:08PM | 1 | are no state charges charging him for the same conduct. |
| | 2 | Mr. Ciccone, I'm not sure if there's any violations of |
| | 3 | supervision or other state charges that he may be facing. |
| | 4 | But as far as in relation to these two bank robberies and |
| 4:09PM | 5 | third attempted bank robbery, there are no state charges. |
| | 6 | **THE COURT:** All right. Mr. Tyo, that's part of the |
| | 7 | record here. Sometimes charges are filed, state charges. |
| | 8 | But they have apparently deferred to the federal prosecution. |
| | 9 | And that's your representation, Ms. Hartford, as the |
| 4:09PM | 10 | representative of the government here? |
| | 11 | **MS. HARTFORD:** Yes, your Honor. |
| | 12 | **THE COURT:** All right. Mr. Tyo, any questions before |
| | 13 | you and I talk about your legal rights? |
| | 14 | **THE DEFENDANT:** No, your Honor. |
| 4:09PM | 15 | **THE COURT:** All right. Mr. Tyo, you do have a criminal |
| | 16 | history of V and I raise it at this point, just to see if |
| | 17 | you've ever gone to trial in anything. |
| | 18 | **THE DEFENDANT:** No, no, your Honor. |
| | 19 | **THE COURT:** So I take it your prior record involved |
| 4:09PM | 20 | guilty pleas, as well? |
| | 21 | **THE DEFENDANT:** Yes. |
| | 22 | **THE COURT:** So you've gone through this process. But, |
| | 23 | here, you are in federal court and it's important for me to |
| | 24 | make sure you understand that just because you've been |
| 4:10PM | 25 | arrested on these three charges, that doesn't mean at some |

US v. Tyo - 20-CR-6032

4:10PM   1   point you have to step up and plead guilty.  On the contrary,

2   you have a right to continue to plead not guilty, which would

3   require us to have a trial and have a jury determine whether

4   you were guilty or not guilty of these charges.

4:10PM   5   Do you understand that general right that individuals

6   have to have a jury trial determine guilt in a criminal case?

7   **THE DEFENDANT:**  Yes, your Honor.

8   **THE COURT:**  And we take time to talk about it just to

9   make sure you understand that if you plead guilty, you lose

4:10PM   10   or give up the right to a jury trial because if one pleads

11   guilty, there really is no purpose to have a trial.

12   You understand that?

13   **THE DEFENDANT:**  Yes, your Honor.

14   **THE COURT:**  If there were a trial, you would not be

4:10PM   15   doing it alone but your lawyer, Mr. Ciccone, and his office

16   would assist you at every step of the way.

17   At a trial, you would have very little obligation except

18   to be present because the government would have the burden of

19   producing witnesses, producing evidence before a jury of 12.

4:11PM   20   At that trial your lawyer could use the subpoena power

21   that the Court has to subpoena witnesses or evidence to

22   assist in your defense if there was such evidence or

23   witnesses.

24   Importantly, your lawyer could question, or

4:11PM   25   cross-examine, any of the tellers or any of the other

US v. Tyo - 20-CR-6032

| | | |
|---|---|---|
| 4:11PM | 1 | witnesses that might be presented in the case against you. |
| | 2 | Also important for you to understand that you would have |
| | 3 | the right to take the witness stand and talk to the jury and |
| | 4 | testify.  But no one can make you do that -- not me, not the |
| 4:11PM | 5 | government, not the FBI -- because you have a Constitutional |
| | 6 | right not to be required to testify. |
| | 7 | And, importantly, as I say, once again, the proof at the |
| | 8 | criminal trial would have to be proof sufficient to convince |
| | 9 | a jury beyond a reasonable doubt of your guilt. |
| 4:12PM | 10 | Do you think you understand all of these legal and |
| | 11 | Constitutional rights that you have relating to a prosecution |
| | 12 | such as this? |
| | 13 | **THE DEFENDANT:**  Yes, your Honor. |
| | 14 | **THE COURT:**  All right.  And it's still your intent to go |
| 4:12PM | 15 | ahead today and plead guilty to these to these charge? |
| | 16 | **THE DEFENDANT:**  Yep. |
| | 17 | **THE COURT:**  I'm sorry? |
| | 18 | **THE DEFENDANT:**  Yes, your Honor. |
| | 19 | **THE COURT:**  Thank you.  Mr. Ciccone and his office has |
| 4:12PM | 20 | represented you on this matter throughout.  Are you satisfied |
| | 21 | with the help and legal advice he's given you up to this |
| | 22 | point? |
| | 23 | **THE DEFENDANT:**  Yes, your Honor. |
| | 24 | **THE COURT:**  Any beefs or problems you have with Mr. |
| 4:12PM | 25 | Ciccone or his office relative to this that you think we need |

US v. Tyo – 20-CR-6032

4:13PM    1    to air at this time?

2    **THE DEFENDANT:**  Nope.

3    **THE COURT:**  Is that a no?

4    **THE DEFENDANT:**  No, your Honor.

4:13PM    5    **THE COURT:**  Okay.  Just having a little trouble hearing

6    you, which is probably my fault.

7    I don't think I have anything else, except we need to

8    deal with the signing of document.

9    What do we propose here?  There's two documents.  One is

4:13PM    10    a single-page document called a Waiver of Indictment.  The

11    other is the Plea Agreement.

12    **MR. CICCONE:**  Judge, I have them.  I think Ms. Hartford

13    sent me a copy that she signed for the plea agreement.  I'm

14    going to bring them to Mr. Tyo and then send those documents

4:13PM    15    to Paula.

16    **THE COURT:**  All right.  Well, although I think, Mr.

17    Ciccone, you could sign as Mr. Tyo's agent, I think it's

18    better that his signature appears on the document.

19    So, Mr. Tyo, in the normal course if you were standing

4:14PM    20    in front of me, I'd have you execute the documents.  But

21    there are two documents that Mr. Ciccone's going to get to

22    you.  One is a single-page document called a Waiver of

23    Indictment and he will explain that to you, if he hasn't

24    already.

4:14PM    25    By signing that, it means that you remove the obligation

21

US v. Tyo – 20-CR-6032

4:14PM 1  the prosecutor would otherwise have to take all the evidence

2  about these bank robberies and present it to a group of

3  people called a Federal Grand Jury for them to decide if

4  there's enough evidence to even charge you.

4:14PM 5      If you do that, then the prosecution can start simply by

6  the Court receiving the three-count information.  Actually I

7  have it in my hand now.

8      So, anticipating that Mr. Tyo will sign the waiver, on

9  that condition, I will accept the three-count information.

4:15PM 10 And once Mr. Tyo has signed it, that will make effective, for

11 all purposes, the three-count information.

12     So do you understand, Mr. Tyo, that's the protocol here?

13     **THE DEFENDANT:**  Yes, your Honor.

14     **THE COURT:**  And the next thing is the plea agreement

4:15PM 15 which you and I have discussed.

16     I ask you, I guess for the last time, if you have any

17 questions of me or your lawyer that you think you want to

18 bring up at this time?

19     **THE DEFENDANT:**  No, your Honor.

4:15PM 20     **THE COURT:**  All right.  Then we will proceed.  I will

21 take the plea but it's sort of conditioned on Mr. Tyo doing

22 what he's indicated and Mr. Ciccone has indicated that he

23 will formally execute these documents.  And they'll be

24 returned to the court clerk for filing.  This remote process

4:16PM 25 sometimes make the signing of the documents a little bit

Case 6:20-cr-06032-DGL   Document 38   Filed 08/27/21   Page 22 of 26

4:16PM  1  unusual but I think we've got a plan and procedure in place.

2  So that's what we will do.

3  So, Mr. Tyo, assuming all of that happens, then I will

4  accept the Information.  And I'm going to, if it's all right

4:16PM  5  with you, Mr. Ciccone, if you waive rather a full and

6  complete reading, do you?

7  **MR. CICCONE:**  Yes, Judge.

8  **THE COURT:**  All right.  Mr. Tyo, I'm going to sort of

9  summarize these three counts and then after each one ask you

4:16PM  10  how you plead.

11  Count 1 charges that on or about August 24, 2019, you,

12  Michael Tyo, by force or violence, or intimidation, did take

13  from the person or another, money, that is, approximately

14  $800 that was in the care, custody and control of Citizens

4:17PM  15  Bank, the deposits of which were insured by the FDIC.

16  As to that count set forth in detail in the Information

17  and pursuant to the plea agreement, how do you plead at this

18  time:  Guilty or not guilty?

19  **THE DEFENDANT:**  Guilty.

4:17PM  20  **THE COURT:**  Count 2 charges that three days later on

21  August 27th, 2019, you, by force or violence or intimidation,

22  did take from a person, or presence of another, approximately

23  $800 under the care, custody and control of Citizens Bank in

24  Buffalo, New York, as set forth in detail in the Information

4:17PM  25  and pursuant to our plea agreement.

US v. Tyo – 20-CR-6032

4:17PM  1      How do you plead at this time:  Guilty or not guilty?

2      **THE DEFENDANT:**  Guilty.

3      **THE COURT:**  And Count 3 charges that on August 27th,

4      you, once again, by force or violence or intimidation, that

4:17PM  5      you did attempt to take money or property belonging to, and

6      in possession of KeyBank, as set forth in particular detail

7      in the Information and pursuant to the plea agreement.

8          As to that count, sir, how do you plead:  Guilty or not

9      guilty?

4:18PM  10     **THE DEFENDANT:**  Guilty.

11     **THE COURT:**  After discussing this with Mr. Tyo, I do

12     believe he is competent and capable of entering a plea.  The

13     plea does appear to be knowing and voluntary.  There

14     certainly appear to be facts to support the plea.  I will

4:18PM  15     accept the guilty plea.

16         I will order a full presentence report.  And I will set

17     the matter down for sentencing.

18         Parties have reserved the right to file sentencing

19     materials and they reserved the right to speak sentences

4:18PM  20     outside the Guidelines.

21         So, Ms. Rand, perhaps late September or early October.

22         It seems to take a bit of time, Mr. Tyo, to prepare a

23     report, build in time for you to review it, build in time for

24     your attorney and the government to file papers for a

4:19PM  25     sentencing date.

US v. Tyo - 20-CR-6032

4:19PM  1      So, Ms. Rand, what can we do in late September, October?

2      **THE CLERK:**  How about September 30th at 2:30.

3      **MS. HARTFORD:**  I have another matter scheduled at that

4      time.

4:20PM  5      **MR. CICCONE:**  That's only about two months out.  Are we

6      doing that on purpose?

7      **THE COURT:**  Not really.  Let's put it a little more in

8      mid-October, give people a chance to appropriately file

9      matters.

4:20PM  10     **THE CLERK:**  How about October 14th at 2:30?

11     **MS. HARTFORD:**  I should be available.

12     **MR. CICCONE:**  So, I have a pretrial conference at

13     2 o'clock.  I don't know if we'd be done or not.

14     **THE CLERK:**  3.

4:20PM  15     **MS. HARTFORD:**  Paula, is it possible to do a different

16     day.  If not, I'll make it work.

17     **THE CLERK:**  No, it's possible.  How about the 15th at

18     10 a.m.

19     **MS. HARTFORD:**  That works for me.

4:20PM  20     **MR. CICCONE:**  Fine with me.  Thank you.

21     **THE COURT:**  October 15th at 10 a.m.  All right.

22     There are filings.

23     Ms. Rand, could you set a schedule for them to do.

24     **THE CLERK:**  Yes.

4:21PM  25     Defendant by October 1st.

US v. Tyo – 20-CR-6032

4:21PM  1        And government by October 8th.

2        **MS. HARTFORD:**  Thank you.

3        **THE COURT:**  All right, Mr. Tyo, probation officers

4   will -- one way or the other, I'm not sure if they're doing

4:21PM  5   it personally or by Zoom -- contact you in reference to

6   preparation of the presentence report.  Your attorney has a

7   right to appear.  I'm sure that will be explained to you.

8        So, otherwise, I will look forward to getting that

9   report and we'll make a decision on our sentence date,

4:21PM 10   October 15th at 10 o'clock.  And I expect we will be in

11   person by then, barring some real issue relative to that.

12   But it's my preference to do sentences in person.

13        So that's the plan at this point.  I'm sure you'll know

14   if we decide we can't do it.

4:22PM 15        All right, Mr. Tyo take care of yourself.  Thank you.

16        **MR. CICCONE:**  Thank you, Judge.

17        (WHEREUPON, proceedings were adjourned.)

18

19

20

21

22

23

24

25

US v. Tyo – 20-CR-6032

4:22PM    1

          2

          3                    *         *         *

          4              **CERTIFICATE OF REPORTER**

12:02PM   5

          6         In accordance with 28, U.S.C., 753(b), I

          7    certify that these original notes are a true and correct

          8    record of Zoom.gov proceedings in the United States District

          9    Court of the Western District of New York before the

12:02PM  10    Honorable David G. Larimer on July 29, 2020.

         11

         12

         13    S/ Diane S. Martens

         14    Diane S. Martens, FCRR
               Official Court Reporter

         15

         16

         17

         18

         19

         20

         21

         22

         23

         24

         25