UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                Plaintiff

vs.

MICHAEL TYO,

                Defendant

---

MOTION TO WITHDRAW
FILE NO.: 6:20-CR-06032-DGL

## BACKGROUND

1. Defendant, MICHAEL J. TYO, is charged with two counts of Bank Robbery in violation of 18 U.S.C. § 2113(a) which are Class C felonies.

2. Mr. Tyo is also charged with one count of Attempted Bank Robbery in violation of 18 U.S.C. § 2113(a), also a Class C felony.

3. These crimes allegedly occurred on or about August 27, 2019, in the Western District of New York.

4. Mr. Tyo has been incarcerated since August 28, 2019.

5. On July 29, 2020, Mr. Tyo appeared via ZOOM in the United States District Court for the Western District of New York and entered into an *oral* plea agreement.

6. At the time of this oral plea Mr. Tyo was represented by Federal Public Defender Jeffrey L. Ciccone and the plea was taken before the Honorable David G. Larimer.

7. At the time of the oral plea, Defendant did NOT have a copy of the written plea agreement with him as it was left in his cell.

8. Not until November 5, 2020, did Mr. Tyo sign his name to the written Plea Agreement and thereafter his attorney Mr. Ciccone signed the Agreement on that same day.

9. Pursuant to the Plea Agreement, Mr. Tyo would receive a sentence of **92 to 115** months incarceration based upon a total offense level of 24 and a criminal history category of V.

10. On May 3, 2021, Mr. Tyo's then attorney Jeffrey L. Ciccone, filed Defendant's Sentencing Statement and Request for a Non-Guideline Sentence.

11. Upon information and belief, the source of which is Federal Public Defender Jeffrey L. Ciccone, at the time of the Plea and Anticipated sentencing, Mr. Tyo had several state and town court cases pending in the Syracuse area and it was anticipated that those matters would be reduced to misdemeanors or receive concurrent sentences at the conclusion of this federal matter.

12. On March 10, 2021, a Revised Presentence Investigation Report was filed.

13. The Presentence Investigation Report revealed that defendant's criminal history category is actually VI which combined with an offense level of 24 would ACTUALLY result in a term of incarceration of **100 to 125** months rather than the agreed upon 92 to 115 months.

14. Upon information and belief, the Government was agreeable to honoring the 92-to-115-month incarceration in spite of the error revealed in the Presentence Investigation Report.

15. On or about June 8, 2021, present counsel Michael P. Scibetta, Esq. was substituted for former counsel Jeffrey L. Ciccone, Esq.

16. Upon information and belief, the substitution was at the request of Defendant due to a conflict between he and attorney Ciccone.

**ARGUMENT**

17. Defendant now contends that his Plea was not knowing and voluntarily made.

18. Defendant likewise contends that his plea was the result of pressure, undue influence and threats from prior counsel Jeffrey L. Ciccone.

19. Specifically, Defendant contends that prior counsel pressured him to take a plea and went so far as to accuse him of a mental defect if he did not take the plea.

20. Defendant now contends that attorney Ciccone threatened to have defendant transported out of state for a mental examination if he did not take the plea.

21. Likewise, defendant contends that attorney Ciccone did not present him with alternate options to taking a plea or explain what options were available to him.

22. Additionally, Defendant contends that his appearance at the plea hearing by ZOOM was audio only and that his video was not functioning such that his demeanor could be observed and weighed by the court.

23. Later on, Defendant contends that attorney Ciccone told him he had no option but to sign the written plea agreement and was again threatened to have the defendant moved to an undisclosed facility out of state for a mental examination.

24. Rule 11(d) of the Federal Rules of Criminal Procedure provides that the court may grant a motion for leave to withdraw a guilty plea upon a showing of a "fair and just reason" for doing so.

25. It is true that "the defendant bears the burden for showing that there are valid grounds for relief." *United States v. Maher*, 108 F.3d 1513, 1529 (2d. Cir. 1997).

26. In determining whether a "fair and just reason" exists to grant a motion to withdraw a guilty plea, the court may consider various factors, including: the amount of time that has elapsed between the plea and the motion; whether the defendant is asserting his

innocence; the likely voluntariness of the plea; and any prejudice to the government. *United States v. Torres,* 129 F.3d 710, 715 (2d Cir, 1997).

27. "A guilty plea should be an intelligent choice among alternative courses of action open to the defendant." *United States v. Adams,* 448 F.3d 492, 497-498 (2d Cir, 2006).

28. "[T]his standard implies that motions to withdraw prior to sentence should be liberally granted[...]"*United States v. Doe,* 537 F.3d204, 210 (2d Cir 2008).

29. "Whether to grant the motion falls within the broad discretion of the trial court." *United States v. Fernandez,* 734 F. Supp. 599, 602 (S.D.N.Y. 1990), aff'd at 932 F.2d 956 (2d. Cir, 1991).

## RELIEF REQUESTED

For the reasons set forth above and in Defendant's own affidavit attached hereto, request is hereby made to withdraw the plea of guilty previously entered into by Defendant, or, in the alternative, that a hearing be held to determine the validity of the previous plea of guilty.

s/Michael P. Scibetta
_____
Michael P. Scibetta, Esq.

Sworn to before me this
21st day of January 2022.

s/Amanda N. Wattie
_____
Notary Public
Amanda N. Wattie
Notary Public, State of New York
Monroe County. Reg. #01WA6118582
Commission Expires November 15, 2024.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

                Plaintiff

vs.                                   AFFIDAVIT
                                      FILE NO.: 6:20-CR-06032-DGL

MICHAEL TYO,

                Defendant
_____

STATE OF NEW YORK)
COUNTY OF MONROE) ss:

Michael Tyo, being duly sworn, deposes and says:

1) I believe there are a myriad of reasons that my plea agreement is not valid and why I should be allowed to withdraw.

2) First and foremost, the points accrued by my criminal history in the Pre-Sentence Report factored to more extensive sentencing guidelines than agreed upon. This is an error and the plea thereby invalid.

3) I also know that my first lawyer's only objective was for me to take the plea agreement. He did not once present an alternative option and put forth all his energy to getting me to take the plea. I was inclined to hold out and did for quite some time until I was threatened to be moved out of state if I did not sign the plea. This was done with venomous intention and a threatening manner after I continuously refused to see the lawyer because we were at odds.

4) During the zoom plea agreement video, I am certain my face was not on the actual content of the presentation and feel that is also another counterintuitive void to the entire endeavor. After that fallacy of fortune, I then again purposely stalled to actually sign the plea agreement for months and months.

5) I was then summoned to Federal Court for a status check and before seeing the Judge the lawyer threatened me again through the glass that I did not have the option of not

signing and when I questioned this he said I would be sent to a non-disclosed facility immediately to be mentally reviews. This was done with malice and intent pressure and left me confused and fearful of my representation and circumstance.

6) I am certain my lawyer had no other objective but to clear my case off his docket and put forth all his extensive expertise and heightened energy towards solidifying that objective.

7) If my representation had been valid and solid absent the threats by my attorney, I would never have taken the plea.

_____
Michael Tyo

Sworn to before me this
21st day of January, 2022.

_____
Notary Public

AMANDA N. WATTIE
Notary Public, State of New York
Monroe County, Reg. #01WA6118582
Commission Expires November 15, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      Plaintiff

vs.

MICHAEL TYO,

      Defendant

---

CERTIFICATE OF SERVICE
FILE NO.: 6:20-CR-06032-DGL

I hereby certify that on January 21, 2022, I electronically filed the forgoing motion, with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

HONORABLE DAVID G. LARIMER
UNITED STATES DISTRICT JUDGE

SEAN ELDRIDGE
ASSISTANT UNITED STATES ATTORNEY

                     *s/Michael P. Scibetta*

                     Michael P. Scibetta, Esq.