UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                       Plaintiff,

                       v.

MICHAEL J. TYO,

                                     Defendant.
_____

                                       <u>DECISION AND ORDER</u>

                                       20-CR-6032L

Defendant Michael J. Tyo ("Tyo") pleaded guilty pursuant to a detailed Plea Agreement to two counts of federal bank robbery and an additional count of attempted bank robbery. The plea was entered on July 29, 2020. Tyo is represented by a very experienced Federal Public Defender. The plea was entered, following COVID protocols, remotely using Zoom technology.

Now pending before the Court is defendant's written motion to withdraw the plea which was filed January 21, 2022. The Government responded to the motion (Dkt. #47) and the Court heard oral argument on the motion on February 16, 2022. The motion is DENIED. Tyo has failed to carry his burden of establishing a "fair and just reason" to warrant withdrawal of the appeal. Fed. R. Crim. P. 11(d).

## PROCEDURAL BACKGROUND

The law is quite clear as to the standards for considering a motion to withdraw a plea once it has been accepted, but prior to sentencing. Here the salient facts germane to the motion are not in dispute either.

On July 29, 2020, after engaging in an extensive Rule 11 colloquy with the defendant, the Court accepted Tyo's guilty plea to three counts of the Information. The Rule 11 colloquy paragraphs, now transcribed (Ex. 38), covered 26 pages of transcript. Tyo had received a copy of the written Plea Agreement and acknowledged that fact at the time of the plea, stating that he had left it in his cell at the facility. (Ex. 38, ¶ 5).

In its Response to the motion (Dkt. #47), the Government cites at length several portions of the plea colloquy. They are accurate and clearly demonstrate that after being sworn as a witness, Tyo acknowledged that he understood the Plea Agreement and never disputed or questioned any part of it. Specifically, he affirmed that no one had threatened or coerced him to enter the plea (Ex. 38, ¶ 4).

He was also questioned at length about that written part of the Plea Agreement denominated "Factual Basis" (Dkt. #18 at 3-4). Tyo admitted delivering a note to the tellers at the different banks demanding money and containing very serious threats to the teller and his/her family if a dye pack was utilized or if Tyo was apprehended. In fact, one note contained the chilling threat that if Tyo went to prison, once he was released he would find the teller and cause harm.

Tyo agreed that he did commit all these acts. Tyo also acknowledged understanding what the United States Sentencing Guidelines were under the Plea Agreement, but also recognized that the Court was not bound to accept those Guidelines. In fact, his lawyer had reserved the right to seek a sentence lower than the Guidelines.

Importantly, relative to the pending motion, in answer to the Court's question, Tyo indicated he was satisfied with his counsel's performance and had no problems whatsoever with him (Ex. 38, ¶ 19).

After accepting the plea, the Court ordered a full Presentence Report and scheduled the matter for sentencing several months later on October 15, 2020. The sentencing was adjourned several times thereafter, usually at defense counsel's request.

Four months after the plea, on November 5, 2020, Tyo appeared with counsel in person in court to sign the Plea Agreement. Sometimes because of the nature of remote proceedings, documents are either signed by the attorney as agent, or sometimes signed either before taking of the plea or sometime thereafter. In this case, Tyo appeared on November 5, 2020 and voiced no complaint concerning the plea or the conduct of his attorney and duly signed the Plea Agreement (Dkt. #18).

Thereafter, the case proceeded on its routine path toward sentencing. The Presentence Report was filed on December 7, 2020 and, after several adjournments, sentencing was scheduled for March 18, 2021.

Tyo's lawyer filed a thorough statement with respect to sentencing factors seeking a reduced sentence. That filing also contained numerous strong letters of support for Tyo, including a large packet of material containing suggestions for an alternative sentence.

The filed Presentence Report did differ from the Plea Agreement in that it determined the Guideline range to be greater than anticipated in the Plea Agreement.

It was not until a court appearance on June 7, 2021, eleven months after entry of the plea that defendant made a *pro se* request to obtain a new lawyer and to move to withdraw the plea. That request, made eleven months after the plea, was the first indication of any kind that Tyo had issues with his lawyer or wished to withdraw the plea.

The Court did appoint new conflict-free counsel to advise Tyo as to whether he could or should move to withdraw the plea and the Court set a status conference to determine Tyo's decision

about a month later on July 26, 2021.  Eventually, there was a proceeding on September 15, 2021 where defendant expressed his desire to have his new attorney file a motion to withdraw the plea.

Counsel undertook the task of preparing such a motion.  Although there were several delays in doing so, a final written motion was filed January 21, 2022, approximately nineteen months after defendant's plea proceeding on July 29, 2020.

## DISCUSSION

A defendant of course has no absolute right to withdraw a previously-entered guilty plea. A defendant has the burden of showing some fair and just reason for doing so and the standard for withdrawal should be stringent because society has a strong interest in the finality of guilty pleas. *See United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018).

Courts have established several factors for a court to consider in weighing a motion to withdraw.  They include the amount of time that has elapsed between the plea and the motion to withdraw; whether the defendant asserts his legal innocence in the motion and whether defendant raises a "significant question about the voluntariness of the original plea"; and finally whether the Government would be prejudiced by withdrawal of the plea.  *See United States v. Albarran*, 943 F.3d 106, 117-18 (2d Cir. 2019) (quoting *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004)).

After review, it is clear that Tyo falls woefully short of satisfying any of the factors for withdrawal.  First of all, and most obviously, there has been an incredible amount of delay in moving to withdraw the plea.  It was almost a full year after the plea when Tyo first raised any indication that he wished to withdraw the plea.  This occurred when Tyo made an oral application on June 7, 2021.  On that basis alone, the Court could deny the motion.  Courts in the Second Circuit

have found periods of delay much shorter than twelve months in finding undue delay. *See United States v. Bailey*, 820 F.App'x 57, 61 (2d Cir. 2020) ("We have found that a four-month delay between a guilty plea and a motion to withdraw the plea supports denying the motion, and 'wait[ing] five months to file [a withdrawal] motion *strongly* supports … finding that [the] plea was entered voluntarily'") (citing *United States v. Albarran*, 943 F.3d 106, 117 (2d Cir. 2019), and *United States v. Doe*, 537 F.3d 204, 2013 (2d Cir. 2008)) (emphasis added in original quote). Such an extraordinary delay dictates against granting the motion. Of course the formal motion setting forth the supposed reasons for seeking withdrawal did not occur until January 2022, some twenty months after the plea was first entered in July 2020.

The second significant factor courts consider when faced with such a motion is whether the defendant now asserts legal innocence. Tyo makes no such claim here. Neither in his oral request to withdraw made on June 7, 2021 nor in his later written motion filed on January 21, 2022, does he raise any claim of actual innocence. That would be hard to do in any event, in light of the detailed factual basis set forth in the Plea Agreement and the detailed, inculpatory statements that Tyo made at the time of his plea. Tyo admitted entering the banks, threatening the tellers, and obtaining sums of money from two of the robberies. Taken together, the extraordinary delay in making the request and the complete absence of any claimed innocence, warrant prompt denial of Tyo's motion.

Finally, the matters raised by Tyo's counsel in the written motion do not suggest any fair and just reason to allow withdrawal of the plea. Virtually all of the matters set forth in the written motion are clearly refuted by the Rule 11 colloquy at the time of the plea.

The fact that the Presentence Report that was filed increased to some extent the Sentencing Guideline is of no moment. The Government has indicated that because it agreed to the Guidelines in the Plea Agreement, it would not be advocating for a higher Guideline range. But, more

significantly, the Plea Agreement specifically advised Tyo, Exhibit 38, ¶¶ 13-14, that the Court was not required to sentence within the Guidelines, but could sentence either below or above them. Not only was that written in the Plea Agreement, but the Court specifically advised Tyo of that fact.

Tyo's motion claims that he was not advised of any alternatives to pleading guilty. This is belied by what is in the Plea Agreement and the Court's discussion with Tyo concerning the Plea Agreement and his constitutional rights. Those rights included the right to go to trial, present evidence, and testify in front of the jury. Tyo clearly indicated that he understood those matters and it appears from the Rule 11 colloquy that Tyo had pleaded guilty numerous other times in accumulating the Criminal History V.

Tyo also asserts that his attorney indicated he might be sent for a mental exam if he did not take the plea. The suggestion is that he was somehow coerced. That assertion is again contradicted by the statements Tyo made under oath at the time of the plea; that no one, from law enforcement or otherwise, had threatened him to get him to take the plea offer. That is further underscored by the fact Tyo said he had no complaints and no "beef" with his attorney whatsoever when questioned by the Court. (Ex. 38, ¶ 19). Tyo indicated that he had no questions at all before formally taking the plea.

These after-the-fact statements of a defendant, made long after the plea, are entitled to little consideration. They are self-serving and fly in the face of the statements made under oath by Tyo in the formal court proceeding.

"A court is entitled to rely upon the defendant's sworn statements, made in open court, that he understood the consequences of his plea and discussed the plea with his attorney, knew that he could not withdraw the plea, [and] understood that he was waiving certain rights." *United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001). Statements made during a plea allocution have "such

a strong presumption of accuracy" that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made. *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001). A defendant's bald statements that simply contradict what he said at his plea allocution are therefore not sufficient grounds to withdraw the guilty plea. *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

It is also noteworthy that although defendant references the fact he did not sign the Plea Agreement on the day that he pleaded guilty, July 29, 2020, he acknowledged coming to court some four months later on November 5, 2020, where he appeared and duly signed the Plea Agreement without any protest, complaint about his lawyer, or suggestion that he wished to withdraw the plea. If anything, that signing on November 5, 2020, was a confirmation and affirmation of what had occurred four months previously.

## CONCLUSION

Defendant Michael J. Tyo has completely failed to carry his burden of establishing a fair and just reason to allow withdrawal of the guilty plea entered many months ago on July 29, 2020. All of the relevant factors which the Court has considered weigh heavily against Tyo. For these reasons, defendant's motion (Dkt. #46) to withdraw his guilty plea is in all respects DENIED.

In due course, the Court will confer with counsel to establish a sentencing date and, if necessary, a schedule for filing any additional sentencing material.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 28, 2022.