```
14:53:28   1                    UNITED STATES DISTRICT COURT

           2                    WESTERN DISTRICT OF NEW YORK

           3

           4
               - - - - - - - - - - - - - - - X
           5   UNITED STATES OF AMERICA     )      20CR6032
                                            )
           6   vs.
                                                   Rochester, New York
           7   MICHAEL J. TYO,              )      February 16, 2022
                             Defendant.            3:00 p.m.
           8   - - - - - - - - - - - - - - - X
```
**MOTION TO WITHDRAW PLEA/ORAL ARGUMENT**
**All parties appeared using the Zoom for Government Platform**

```
                            TRANSCRIPT OF PROCEEDINGS
                    BEFORE THE HONORABLE DAVID G. LARIMER
                         UNITED STATES DISTRICT JUDGE


                         TRINI S. ROSS, ESQ.
                         United States Attorney
                         BY: KATELYN M. HARTFORD, ESQ.
                         Assistant United States Attorneys
                         100 State Street
                         Rochester, New York 14614

                         MICHAEL P. SCIBETTA, ESQ.
                         The Scibetta Law Office
                         2000 Winton Road South
                         Building 4, LL5
                         Rochester, New York 14614

                         J. Finucane, USPO
```

*COURT REPORTER: Karen J. Clark, Official Court Reporter*
*Karenclark1013@AOL.com*
*100 State Street*
*Rochester, New York 14614*

```
                        1              USA VS. M. TYO
                        2
                        3
                                     P R O C E E D I N G
                        4        *              *              *
                        5
15:34:47                6
15:34:47                7
10:18:30                8              THE COURT:  Good afternoon, all.  Mr. Tyo,
15:03:35                9  good afternoon.
15:03:36               10              THE DEFENDANT:  Good afternoon, your Honor.
15:03:38               11              THE COURT:  Can you hear me all right?
15:03:39               12              THE DEFENDANT:  Yep.  Can you hear me?
15:03:41               13              THE COURT:  I can.  Everybody just keep
15:03:44               14  their voices up when we speak.  We do have a court
15:03:48               15  reporter taking matters down.  This is not the most
15:03:52               16  ideal format, but with the Covid and other health
15:03:59               17  issues, it's what we presently have to use.
15:04:04               18              So, the matter is scheduled for argument on
15:04:14               19  the defense motion to allow Mr. Tyo to withdraw his
15:04:21               20  guilty plea that was entered back in July of 2020.  At
15:04:28               21  least I believe that is still on the agenda.  When this
15:04:33               22  case originally started out, we had sentencing matters
15:04:36               23  filed and we were pretty close to setting the matter
15:04:39               24  down for sentencing, and I thought the principal issue
15:04:42               25  was the appropriate sentence.  But, in any event, we
```

```
           1                    USA VS. M. TYO
15:04:48   2    have the motion pending.
15:04:51   3                A couple of housekeeping matters I must
15:04:53   4    attend to.  First of all, I want to make sure the
15:04:58   5    attorneys consent to proceed in this virtual format.
15:05:08   6                Ms. Hartford, the government agree and Mr.
15:05:10   7    Sciabetta.
15:05:11   8                MS. HARTFORD:  Yes, your Honor, the
15:05:12   9    government agrees.
15:05:13  10                MR. SCIBETTA:  I do agree, your Honor.
15:05:14  11                THE COURT:  All right.  And Mr. Tyo,
15:05:17  12    Congress has passed a statute allowing us to have court
15:05:21  13    proceedings in this fashion, but the rules require that
15:05:26  14    I ask you directly if you agree that you can handle
15:05:30  15    argument on this matter today in this virtual format by
15:05:36  16    using the computers?
15:05:37  17                THE DEFENDANT:  Yes, your Honor.  Is this --
15:05:40  18    are we going to get a decision right now about the
15:05:43  19    motion being accepted or just to progress with it?
15:05:47  20                THE COURT:  Most likely, I will just hear
15:05:50  21    argument, and give you a written decision as soon as I
15:05:53  22    can.
15:05:56  23                THE DEFENDANT:  Okay.  All right.
15:05:59  24                THE COURT:  Okay.  Did someone leave the
15:06:08  25    meeting?  Ms. Clark?  No.
```

```
15:06:08   1                       USA VS. M. TYO
15:06:08   2              COURT REPORTER:  I am here, Judge.
15:06:11   3              THE COURT:  Well, I do have papers that I
15:06:15   4   have reviewed.  The defense motion was just filed
15:06:25   5   January 21st, and I do have the government's response
15:06:31   6   that was filed February 4th.  So, I have reviewed those
15:06:39   7   papers.  I certainly, I have reviewed the plea agreement
15:06:45   8   and the transcript of the plea proceeding.  And, I mean,
15:06:53   9   I reviewed the presentence report before, but that is
15:06:56  10   not really before us.  There were some changes in the
15:07:00  11   presentence report, but that is for another day, if
15:07:04  12   necessary.
15:07:07  13              So, I guess, Mr. Scibetta, it is your
15:07:10  14   motion, I guess I would let you proceed first, I think.
15:07:18  15              MR. SCIBETTA:  I'll, for the most part, rest
15:07:20  16   on the papers as submitted, Judge.  I did have numerous
15:07:24  17   conversations over several months with Mr. Tyo about his
15:07:29  18   intentions to attempt to withdraw his plea.  His reasons
15:07:35  19   for that, as you're well aware, I'm substitute counsel
15:07:39  20   on this, so I'm not a first-hand participant in what
15:07:43  21   those conversations between he and prior counsel were,
15:07:47  22   but based upon his representations to me, and his
15:07:52  23   opinions on this matter, he does feel that he was ill
15:07:57  24   informed, and to the point of coerced into taking the
15:08:01  25   plea with threats to be mentally evaluated and sent to
```

```
            1              USA VS. M. TYO
15:08:06    2    unknown facilities out of state.  I've put that in the
15:08:09    3    papers, his affidavit indicates that as well.  I have
15:08:14    4    nothing further to add other than what's in the papers
15:08:17    5    at this point.
15:08:20    6              THE COURT:  The posture of the case is that
15:08:23    7    Mr. Tyo pleaded guilty.  The Court accepted the plea.
15:08:27    8    So the rules require that the burden is on the defendant
15:08:35    9    to show a fair and just reason for withdrawing the plea.
15:08:45   10    The pleas that are taken in court under oath, it's clear
15:08:54   11    that people -- it's not like a buffet, you can't just
15:08:59   12    one day decide you want to plea and the next day not.
15:09:03   13    So, there has to be a good, a fair and just reason.  And
15:09:06   14    as the government points out in its response, there are
15:09:11   15    several things that courts can consider in deciding the
15:09:17   16    motion.  One is the amount of time that has elapsed
15:09:23   17    between the plea and the request to withdraw.  The
15:09:29   18    second is whether there is any claim of innocence.  And
15:09:39   19    the third is the potential prejudice to the government
15:09:42   20    by allowing the plea to be withdrawn.  And, I guess, Mr.
15:09:48   21    Sciabetta, you may want to comment because it doesn't
15:09:52   22    seem as though Mr. Tyo comes off very well in any of
15:09:56   23    those categories.  The papers -- let me just finish here
15:10:01   24    and I'll give you your opportunity.
15:10:02   25              MR. SCIBETTA:  Sure.
```

| | |
|---|---|
| 1 | USA VS. M. TYO |
| 15:10:06  2 | THE COURT: Certainly, in Mr. Tyo's |
| 15:10:09  3 | affidavit, there is no suggestion of innocence, which |
| 15:10:12  4 | would be pretty hard to do in light of the colloquy and |
| 15:10:15  5 | his admissions under oath as to what he did to several |
| 15:10:19  6 | banks.  So, you know, that doesn't affect or does not |
| 15:10:25  7 | support Mr. Tyo's application here.  Second thing is the |
| 15:10:29  8 | amount of time that lapsed between the plea and the |
| 15:10:32  9 | request to withdraw.  The plea was in June, excuse me, |
| 15:10:42 10 | July 29th of 2020, and the first there was any |
| 15:10:47 11 | indication Mr. Tyo wished to change attorneys or |
| 15:10:54 12 | withdraw his plea was almost a year later on June the |
| 15:10:57 13 | 7th, 2021.  And I think as the government pointed out in |
| 15:11:04 14 | its brief and the Court is familiar with this, too, |
| 15:11:07 15 | there have been many cases that have gone up on appeal |
| 15:11:11 16 | where the delay was much shorter than that, four months, |
| 15:11:15 17 | five months.  I mean, frankly, I wonder if all of this |
| 15:11:18 18 | was precipitated by the fact Mr. Tyo got the presentence |
| 15:11:23 19 | report, which, as I said, had a Guideline range a little |
| 15:11:26 20 | higher than what was anticipated in the plea agreement. |
| 15:11:29 21 | Although the government admits now, as I think it must, |
| 15:11:33 22 | that they are bound to advocate for the range that was |
| 15:11:36 23 | in the plea agreement.  And what the Court does, the |
| 15:11:45 24 | Court always decides ultimate matter.  And prejudice to |
| 15:11:50 25 | the government, that is the third factor.  The robberies |

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:11:53 | 2 | occurred, you know, many years ago, really.  So I think |
| 15:11:59 | 3 | the potential, I don't think anybody has spoken to this |
| 15:12:05 | 4 | directly, is that, you know, you have witnesses and |
| 15:12:09 | 5 | tellers now two or more years later, there might be some |
| 15:12:13 | 6 | prejudice to the government by this time going to trial, |
| 15:12:18 | 7 | which I guess is what Mr. Tyo seems to want to do here, |
| 15:12:22 | 8 | which, you know, if the Court withdraws the plea, unless |
| 15:12:26 | 9 | you work out a different arrangement, we set it down for |
| 15:12:30 | 10 | trial and see what happens, and what the Guidelines |
| 15:12:34 | 11 | might be after a trial. |
| 15:12:36 | 12 | So, Mr. Sciabetta, would you like to comment |
| 15:12:40 | 13 | on any of those matters? |
| 15:12:42 | 14 | MR. SCIBETTA:  Sure, Judge.  As far as the |
| 15:12:45 | 15 | length between the plea, as the Court is well aware, I |
| 15:12:48 | 16 | believe the plea was in May and there was not a signed |
| 15:12:52 | 17 | plea agreement until November.  Part of -- |
| 15:12:56 | 18 | THE COURT:  The plea was in July, I think. |
| 15:12:58 | 19 | MR. SCIBETTA:  Excuse me, July, and not |
| 15:13:00 | 20 | signed until sometime in November.  I think that speaks |
| 15:13:05 | 21 | to the break down in communication between then attorney |
| 15:13:12 | 22 | Ciccone and my client now.  My understanding is that the |
| 15:13:15 | 23 | reason for his request to have new counsel was a long |
| 15:13:20 | 24 | standing desire to have the plea agreement withdrawn. |
| 15:13:25 | 25 | As his affidavit makes clear, he was not comfortable |

```
                 1              USA VS. M. TYO
15:13:31         2    with the circumstances and a threat to him as to why he
15:13:37         3    took the plea to begin with.
15:13:39         4              THE COURT:  But, again, he can't keep it in
15:13:42         5    his head.  He has to tell somebody he wants to withdraw
15:13:45         6    his plea.  And that didn't happen for almost a year.
15:13:48         7    And you mentioned that he didn't sign the agreement
15:13:50         8    until November 5th, on November 5th when we had a court
15:13:55         9    appearance.
15:13:56        10              THE DEFENDANT:  It was about six months
15:14:00        11    after I signed.
15:14:00        12              THE COURT:  Mr. Tyo, you don't speak unless
15:14:03        13    I ask you to speak, okay?
15:14:04        14              THE DEFENDANT:  Yes, your Honor.
15:14:06        15              THE COURT:  So when he signed the plea
15:14:10        16    agreement, we know why it happened, we did the plea
15:14:14        17    remotely and it was an agreement that counsel and Mr.
15:14:17        18    Tyo would sign it later.  But you can look at the fact
15:14:21        19    that he did sign it in November as sort of a
15:14:25        20    reaffirmation that he wanted to plea.
15:14:28        21              MR. SCIBETTA:  I think the same threats were
15:14:30        22    made, again, when it came time to sign the document
15:14:35        23    according to my client.
15:14:36        24              MS. HARTFORD:  Your Honor, I would like --
15:14:37        25              THE COURT:  I know this is difficult because
```

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:14:39 | 2 | we have a lot of people here.  And I want to make sure |
| 15:14:42 | 3 | Mr. Sciabetta is finished. |
| 15:14:44 | 4 | MR. SCIBETTA:  That's fine.  I was just |
| 15:14:47 | 5 | addressing that one issue. |
| 15:14:47 | 6 | THE COURT:  Okay.  I guess you can't dispute |
| 15:14:52 | 7 | the fact that there is no claim here of innocence, which |
| 15:14:55 | 8 | the Courts seem to think is maybe an important factor. |
| 15:15:00 | 9 | MR. SCIBETTA:  Well, I think it is an |
| 15:15:02 | 10 | important factor, Judge.  But, again, this is not so |
| 15:15:05 | 11 | much about whether he would ultimately agree to some |
| 15:15:08 | 12 | type of a plea.  Clearly he has indicated on the record |
| 15:15:12 | 13 | that he did do these events.  This is more so bringing |
| 15:15:18 | 14 | to light that he wanted different counsel, a different |
| 15:15:24 | 15 | type of plea due to the break down in the communication |
| 15:15:28 | 16 | between he and Mr. Ciccone and the threats being made to |
| 15:15:31 | 17 | him at the time. |
| 15:15:32 | 18 | THE COURT:  So you think he is really |
| 15:15:34 | 19 | looking for a different type of plea. |
| 15:15:36 | 20 | MR. SCIBETTA:  Well, I don't think this |
| 15:15:37 | 21 | should necessarily fall on the factor of whether or not |
| 15:15:41 | 22 | he is claiming innocence so much as the fact that he did |
| 15:15:45 | 23 | not get a valid opportunity to negotiate the plea to |
| 15:15:48 | 24 | begin with due to the threats that he should just take |
| 15:15:51 | 25 | it or leave it, so to speak, or face the consequences of |

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:15:56 | 2 | health and issues, evaluations and transportations to |
| 15:16:02 | 3 | some unknown locations, as I understand it. |
| 15:16:07 | 4 | THE COURT: All right. Ms. Hartford, would |
| 15:16:10 | 5 | you like to respond to my comments and Mr. Sciabetta's |
| 15:16:14 | 6 | comments. There may be several factors that the Court |
| 15:16:18 | 7 | has to consider. But those three are factors that the |
| 15:16:23 | 8 | Second Circuit often recites. And the government has |
| 15:16:27 | 9 | carefully set out those elements. Anything else that |
| 15:16:33 | 10 | you want to add, Ms. Hartford? |
| 15:16:35 | 11 | MS. HARTFORD: Just a bit, your Honor. I |
| 15:16:38 | 12 | agree as far as those three factors that the Court set |
| 15:16:42 | 13 | forth and the government outlined in its papers. I will |
| 15:16:46 | 14 | note that while there is, arguably, some prejudice to |
| 15:16:52 | 15 | the government here, and that is one of the factors and |
| 15:16:54 | 16 | that does weigh in favor of the government here, whether |
| 15:16:59 | 17 | or not the government would be prejudiced is only |
| 15:17:02 | 18 | considered if the defendant is able to show a fair and |
| 15:17:07 | 19 | just reason. So, but, regardless, I do think that |
| 15:17:11 | 20 | exists here, and that would also weigh in favor of not |
| 15:17:14 | 21 | allowing the defendant to withdraw his plea. One thing |
| 15:17:18 | 22 | that I outlined pretty thoroughly in my papers, so I |
| 15:17:23 | 23 | won't go into this too much, but the bottom line is that |
| 15:17:27 | 24 | the defendant's new claims here are all contradicted by |
| 15:17:32 | 25 | his own statements at the plea hearing. And the Second |

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:17:35 | 2 | Circuit has plainly held that a defendant's bald |
| 15:17:39 | 3 | statements that simply contradict what he said at his |
| 15:17:42 | 4 | plea allocution are not sufficient grounds to withdraw a |
| 15:17:45 | 5 | guilty plea.  So, as to, you know, short comings of his |
| 15:17:48 | 6 | defense attorney, the colloquy established, and your |
| 15:17:51 | 7 | Honor asked him specifically if he had any beef with his |
| 15:17:54 | 8 | lawyer, and if he was satisfied.  And he said he didn't |
| 15:17:57 | 9 | have any problems with his lawyer, and he was satisfied |
| 15:17:59 | 10 | with his representation.  Furthermore, as far as the |
| 15:18:03 | 11 | mistake in the plea agreement and the facts that the |
| 15:18:05 | 12 | plea agreement calculated a lower criminal history score |
| 15:18:09 | 13 | than the PSR, first of all, that actually benefits the |
| 15:18:13 | 14 | defendant.  And he certainly wouldn't be given that |
| 15:18:17 | 15 | opportunity again.  And, as the Court mentioned, we're |
| 15:18:20 | 16 | bound by that, so that benefits him.  But the plea |
| 15:18:26 | 17 | agreement explicitly states that that is not a ground to |
| 15:18:28 | 18 | withdraw his plea.  It specifically says he has no right |
| 15:18:31 | 19 | to withdraw his plea based on the Court's determination |
| 15:18:34 | 20 | of his criminal history category.  So, while that said |
| 15:18:38 | 21 | the Court's determination, not the PSR's, I would argue |
| 15:18:41 | 22 | it ultimately would be the same result.  Furthermore, |
| 15:18:44 | 23 | the Second Circuit has recognized, and this is a case |
| 15:18:46 | 24 | that I did not put in my papers, but has come across my |
| 15:18:52 | 25 | radar since, is that mistaken predictions about how the |

```
                  1            USA VS. M. TYO
15:18:56          2    Guidelines will be applied generally provide no basis
15:19:00          3    for the withdrawal of a guilty plea, either.  And that
15:19:03          4    is United States vs. Sweeney, the cite is 878 F. 2d 68,
15:19:09          5    at page 70, Second Circuit 1989.
15:19:14          6             So, Judge, in addition to all of the reasons
15:19:16          7    stated by the Court during today's proceedings, I argue
15:19:21          8    that a careful review of the plea colloquy shows the
15:19:24          9    Court clearly ensured the defendant was entering the
15:19:27         10    plea knowingly, voluntarily of his own free will, that
15:19:30         11    he was not threatened or coerced, that he was given an
15:19:35         12    opportunity to air grievances with his attorney.  That
15:19:39         13    all establishes his new claims are without merit.  For
15:19:43         14    the reasons the Court mentioned, the defendant has not
15:19:46         15    mentioned a fair and just reason to withdraw his plea,
15:19:49         16    therefore his motion should be denied without merit.
15:19:57         17             THE COURT:  And Mr. Scibetta, Ms. Hartford
15:19:59         18    mentioned this, and it was set forth to some extent in
15:20:03         19    her papers, and I guess I'm focusing on what I call the
15:20:06         20    Rule 11 colloquy, and I remember this proceeding pretty
15:20:10         21    well, this one is pleading guilty to several bank
15:20:17         22    robberies.  And I reviewed the transcripts, and we went
15:20:25         23    up this one side and down the other in terms of what Mr.
15:20:29         24    Tyo's rights were, that he didn't have to plead, we went
15:20:32         25    through the factual basis of the plea, and gave him a
```

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | USA VS. M. TYO                                               |
| 15:20:36 | 2  | chance to indicate if there were any problems with his      |
| 15:20:39 | 3  | lawyer.  Pretty much everything Mr. Tyo now says and        |
| 15:20:43 | 4  | everything that is suggested in your motion, Mr.            |
| 15:20:48 | 5  | Sciabetta, it's just contrary to what was said under        |
| 15:20:51 | 6  | oath when we had our plea proceeding.  And I think the      |
| 15:20:56 | 7  | Second Circuit says, you know, when you say A under oath    |
| 15:21:03 | 8  | at the plea proceeding, a month or two or six or ten        |
| 15:21:06 | 9  | months later, you can't say B or something different.       |
| 15:21:12 | 10 | So any comment you wish to make relative to that?           |
| 15:21:17 | 11 | MR. SCIBETTA:  Judge, I've read the                         |
| 15:21:20 | 12 | colloquy.  I have shown it to my client and we discussed   |
| 15:21:23 | 13 | it, rather.  I did obtain a copy of that.  Again, I was    |
| 15:21:28 | 14 | not there at the time, but it looks like a standard well   |
| 15:21:32 | 15 | executed plea at that point and colloquy.  I don't think   |
| 15:21:36 | 16 | that is a dispositive issue.  I think the dispositive      |
| 15:21:39 | 17 | issue however is the coercion that was taking place        |
| 15:21:43 | 18 | behind the scenes between the attorney and client.         |
| 15:21:46 | 19 | Considering that a client is incarcerated and has          |
| 15:21:48 | 20 | limited access to any individuals, especially during       |
| 15:21:51 | 21 | times of Covid, let alone on a federal matter.  And my     |
| 15:21:57 | 22 | client was, according to him, conversations we've had,     |
| 15:22:01 | 23 | felt as if he had been abandoned, and felt as if he had    |
| 15:22:07 | 24 | been betrayed, and, actually, out and out felt as if he    |
| 15:22:10 | 25 | was coerced or arm twisted into taking the plea, and       |

```
           1                       USA VS. M. TYO
15:22:14   2    that is his position.
15:22:16   3              THE COURT:  All right.  This is a client,
15:22:18   4    also, that has a high school degree, and, I guess,
15:22:24   5    didn't completely finish college, but had many college
15:22:28   6    courses, so it's an individual that is not -- not -- has
15:22:32   7    some intelligence.  All right.
15:22:35   8              Well, Mr. Tyo, generally, you have a lawyer,
15:22:39   9    the lawyer speaks to the Court.  If you wish to add
15:22:47  10    anything, I don't know, maybe your lawyer doesn't want
15:22:50  11    you to, but, Mr. Sciabetta, if Mr. Tyo wants to say
15:22:55  12    anything, do you have any objection to that or would you
15:22:58  13    want to talk to him privately?
15:23:00  14              MR. SCIBETTA:  Considering the nature of the
15:23:02  15    proceeding and the history, I'm going to defer and if he
15:23:08  16    feels that he can impart or explain in better detail
15:23:11  17    what transpired, then, no, I have no objection.
15:23:16  18              THE COURT:  Anything you want to say, Mr.
15:23:18  19    Tyo?
15:23:18  20              THE DEFENDANT:  Yes, your Honor.  Is this
15:23:20  21    decision being decided right now?
15:23:22  22              THE COURT:  I can't hear you.
15:23:24  23              THE DEFENDANT:  Is this being decided right
15:23:28  24    now?  Is there going to be an official decision for this
15:23:32  25    right now?
```

```
              1                    USA VS. M. TYO
15:23:33      2              THE COURT:  Not right now, no.  As I told
15:23:35      3   you before, I'm going to think about what the parties
15:23:38      4   have said, and I will write something in a decision
15:23:44      5   which will be sent to you and your lawyer.
15:23:47      6              THE DEFENDANT:  I guess I would like to add,
15:23:50      7   I just know in the plea agreement that I took over Zoom
15:23:55      8   where all those -- where I like admitted to everything,
15:23:59      9   where I took a regular plea.  My face wasn't on the
15:24:03     10   actual plea agreement, it wasn't on the Zoom.  I don't
15:24:06     11   know if that has any basis for taking the plea back, but
15:24:14     12   I don't know how standard taking a plea over Zoom is,
15:24:17     13   especially with the Covid situation that we had the last
15:24:21     14   couple of years.
15:24:21     15              THE COURT:  It's gotten a lot more standard,
15:24:26     16   and it's not so much how you appear on Zoom, it's what
15:24:30     17   you say on it.  But, go ahead, I didn't mean to
15:24:34     18   interrupt you.
15:24:39     19              THE DEFENDANT:  I'm not exactly sure what
15:24:41     20   the motion entailed that you received, because I sent
15:24:45     21   him, my lawyer, the reasons that I thought, and he
15:24:48     22   detailed that fairly for pointedly, but I don't know
15:24:52     23   exactly what was put, and it's hard to articulate 100
15:24:58     24   percent correctly.  I guess if this is my last, I feel
15:25:05     25   that my old lawyer pretty much didn't give me another
```

|          |    |                                                                          |
|----------|----|--------------------------------------------------------------------------|
|          | 1  | USA VS. M. TYO                                                           |
| 15:25:09 | 2  | alternative besides the plea agreement that was at hand.                 |
| 15:25:13 | 3  | And, like I said a couple different times, like, if I                    |
| 15:25:15 | 4  | wasn't going to take the plea agreement, right before I                  |
| 15:25:20 | 5  | initially said I would take the plea, he said he was                     |
| 15:25:22 | 6  | going to send me a separate medical facility for a                       |
| 15:25:28 | 7  | medical evaluation.  And I didn't sign the plea                          |
| 15:25:28 | 8  | agreement for the longest time because I did not feel                    |
| 15:25:31 | 9  | good about the plea agreement, I did not wan to take it.                 |
| 15:25:31 | 10 | That is why there was such a lapse of time between me on                 |
| 15:25:34 | 11 | the Zoom and then actually signing the plea agreement.                   |
| 15:25:37 | 12 | It was like six months or something to that degree.  So,                 |
| 15:25:41 | 13 | right before, after I signed it, before I signed the                     |
| 15:25:45 | 14 | papers, the threat was brought up again.  And I feel                     |
| 15:25:48 | 15 | like that is cause to take it back.  I mean, I'm not                     |
| 15:25:51 | 16 | versed in legal.  I didn't get anywhere -- I barely --                   |
| 15:25:54 | 17 | almost finished for an undergraduate degree, and it took                 |
| 15:25:58 | 18 | me a long time to do that.  I'm not versed in legal                      |
| 15:26:02 | 19 | jargon.  I have no sort of legal degree.  So, you know,                  |
| 15:26:05 | 20 | I would adhere to your knowledge and experience, but                     |
| 15:26:15 | 21 | that is all I can do.  I'm just hoping you can -- at                     |
| 15:26:20 | 22 | this point, I'm leaving it up to God.  If this is                        |
| 15:26:23 | 23 | supposed to be taken back, I feel I have a just and                      |
| 15:26:26 | 24 | warranted cause to take it back, and if it's not, then                   |
| 15:26:29 | 25 | I'm just going to get sentenced, and that is what is                     |

```
                1                USA VS. M. TYO
15:26:32        2    going to happen.  I was hoping that you can -- I'm
15:26:35        3    hoping that you can accept it.
15:26:38        4                THE COURT:  All right.  You understand that
15:26:42        5    when a case starts out, a defendant has a right to plead
15:26:46        6    guilty or plead not guilty.  And if you plead not guilty
15:26:52        7    and decide not to take a plea, then the next step is to
15:26:56        8    go to trial.
15:26:59        9                THE DEFENDANT:  I would like to do that at
15:27:01       10    this point.
15:27:01       11                THE COURT:  I don't know if that is really
15:27:03       12    what you want and if that is in your best interest.
15:27:06       13    That is not for me to decide.
15:27:08       14                THE DEFENDANT:  I mean, you've already said
15:27:10       15    be careful what you ask for, so I understand, if you
15:27:13       16    were probably going to advise me, you probably would
15:27:16       17    advise me against doing this.
15:27:18       18                THE COURT:  Well I -- I'm not your lawyer.
15:27:21       19    I'm not in a position to advise you.  You do whatever
15:27:24       20    you want to do.  I don't care.  I'll react to whatever
15:27:28       21    you do.
15:27:28       22                So, well, I think, Mr. Tyo, thank you for
15:27:32       23    your comments.  They've all been taken by our
15:27:35       24    distinguished court reporter, as has Mr. Scibetta's and
15:27:40       25    Ms. Hartford's.  In a matter of this importance or in
```

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:27:44 | 2 | many matters, I can decide the case right after the |
| 15:27:50 | 3 | parties speak.  But this is a significant matter and I |
| 15:27:55 | 4 | want to make sure that my reasons that are set forth |
| 15:28:00 | 5 | clearly, so I think it's best if I do what is called |
| 15:28:04 | 6 | reserve on the motion, Mr. Tyo, which means I'm going to |
| 15:28:09 | 7 | think about it, I'm going to continue to review the |
| 15:28:12 | 8 | papers, and I will get you a written decision as soon as |
| 15:28:17 | 9 | I can. |
| 15:28:19 | 10 | I guess, Mr. Sciabetta, if it should come to |
| 15:28:25 | 11 | pass that I deny your motion and Mr. Tyo's motion, the |
| 15:28:32 | 12 | next step would be sentencing.  And, Mr. Ciccone, the |
| 15:28:36 | 13 | prior attorney did file papers already, requested a |
| 15:28:42 | 14 | non-Guideline sentence and there was some material |
| 15:28:45 | 15 | submitted on Mr. Tyo's behalf to consider sort of an |
| 15:28:49 | 16 | alternative sentence.  But, I guess my question is, if |
| 15:28:56 | 17 | you know today, whether you think you would be wanting |
| 15:29:00 | 18 | to file additional sentencing material.  If you're not |
| 15:29:02 | 19 | sure, that's fine.  We can broach this when the Court |
| 15:29:09 | 20 | enters its decision. |
| 15:29:10 | 21 | MR. SCIBETTA:  Judge, I think it would be |
| 15:29:12 | 22 | prudent to review, which I have not done, that |
| 15:29:16 | 23 | information with my client.  I've reviewed it all and |
| 15:29:18 | 24 | I'm familiar with what was in the sentencing memorandum |
| 15:29:22 | 25 | from Mr. Ciccone, but I have not sat down with my client |

|  |  |  |
|---|---|---|
|  | 1 | USA VS. M. TYO |
| 15:29:25 | 2 | to make sure that considering his allegations that their |
| 15:29:28 | 3 | relationship had broken down, I think it would be |
| 15:29:31 | 4 | prudent to sit down with him and make sure what is |
| 15:29:33 | 5 | contained in that memorandum is what he wanted in there, |
| 15:29:36 | 6 | and that there, with the time that has gone back that |
| 15:29:41 | 7 | there isn't anything we should add in there.  I would |
| 15:29:44 | 8 | like a little additional time. |
| 15:29:47 | 9 | THE COURT:  That is certainly very fair and |
| 15:29:49 | 10 | reasonable.  If it comes to pass that I need to deny the |
| 15:29:53 | 11 | motion, I'll ask you how much time you need and we'll |
| 15:29:57 | 12 | certainly give you that time. |
| 15:29:59 | 13 | MR. SCIBETTA:  Thank you. |
| 15:30:00 | 14 | THE COURT:  And the government can respond |
| 15:30:03 | 15 | if they are inclined.  All right.  Thank you all for |
| 15:30:07 | 16 | your presentation today.  I'll try and get you a |
| 15:30:10 | 17 | decision as soon as I can consistent with the other |
| 15:30:16 | 18 | court matters that I have.  So I will adjourn and |
| 15:30:22 | 19 | everybody stay healthy and we'll get you a decision |
| 15:30:25 | 20 | promptly. |
| 15:30:26 | 21 | THE DEFENDANT:  Thank you, your Honor. |
| 15:30:27 | 22 | MR. SCIBETTA:  Thank you. |
| 15:30:28 | 23 | MS. HARTFORD:  Thanks, Judge. |
|  | 24 |  |
|  | 25 |  |

```
 1
 2                         *    *    *
 3                  CERTIFICATE OF REPORTER
 4
 5      I certify that the foregoing is a correct transcript
 6   of the record of proceedings in the above-entitled
 7   matter.
 8
 9   S/ Karen J. Clark,  RPR
10
     Official Court Reporter
11
12
```