UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                     DECISION AND ORDER

                        Plaintiff,

                                                     20-CR-6032DGL

                    v.

MICHAEL J. TYO,

                        Defendant.
_____

Defendant Michael J. Tyo moves by counsel (the Federal Public Defender) for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The motion is based on an amendment to the United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(d), effective November 1, 2023, which results in a lower guideline range for the defendant.

Furthermore, the Sentencing Commission voted to apply the amendment retroactively, *see* U.S.S.G. § 1B1.10. The effective date though of the retroactivity amendment is February 1, 2024.

Defendant's motion was filed on December 18, 2023 (Dkt. #65). The United States Probation Office filed a Supplemental Presentence Report on January 5, 2024 (Dkt. #67). The Government filed its Opposition to the motion on February 23, 2024 (Dkt. #69) and the defendant filed a Reply to the Government's Opposition on March 8, 2024 (Dkt. #70).

The statute and caselaw directs that the Court must first determine whether a defendant is eligible for a sentence modification. Then the Court must determine the guideline range that would have been applicable had the relevant amendment been in effect. Generally, U.S.S.G. § 1B1.10(b)(2) limits the extent of the reduction and the Court may not reduce the term to less

than the minimum of the amended guideline range. The other important requirement is that the Court must consider any applicable sentencing factor under 18 U.S.C. § 3553(a) and determine whether, in its discretion, the reduction is warranted on the particular circumstances of the case.

I am familiar with this defendant, his conviction, and prior sentence. I have reviewed all of the matters submitted and carefully considered the sentencing factors under 18 U.S.C. § 3553(a).

I hereby DENY defendant's motion for a sentence reduction.

After considering the factors listed at § 3553(a), I decline to reduce defendant's sentence. The new U.S.S.G. range is 92-115 months and defendant's original sentence is within that range. Defendant has demonstrated his dangerousness to the community. He was involved in two bank robberies and committed the offense while on parole. He has also had not insignificant infractions while in custody.

## CONCLUSION

Defendant Michael J. Tyo's motion for a reduction of sentence (Dkt. #65) is hereby denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 20, 2024.